573 So.2d 521 (1990)
STATE of Louisiana
v.
Mr. and Mrs. Robert GOMEZ.
No. KW 90 0958.
Court of Appeal of Louisiana, First Circuit.
December 10, 1990.
*522 Houston C. Gascon, III, Dist. Atty., Patrick W. Pendley, Marsha M. Wade, Asst. Dist. Attys., Port Allen, for State.
Nathan Fisher, Baton Rouge, for defendants.
Before LOTTINGER, CARTER and DOHERTY,[*] JJ.
PER CURIAM.
The State of Louisiana seeks supervisory writs to review the trial court's ruling finding the method of criminal case allotment used in the 18th Judicial District violates constitutional due process standards. The defendants, Mr. and Mrs. Robert Gomez, are charged with distribution and possession with intent to distribute cocaine, marijuana, and various drug paraphernalia.
This court directed the trial court to file a per curiam addressing specific questions, particularly setting forth whether the court or the state selected the trial date, by what criteria a date was set, and whether or not the trial date was set at arraignment. The court submitted an opinion strenuously arguing that the trial date judge selection rules of the Eighteenth Judicial District are incomplete and deny defendants due process. (Per Curiam attached).
The rules of the Eighteenth Judicial District specifically provide for the allotment of civil cases, and the rules further emphasize that secrecy by all court personnel must be maintained in order to insure that litigants cannot shop for a particular judge. Eighteenth Judicial District Rules of Court, Rule 9. However, the rules do not set forth the manner in which criminal cases are to be allotted. Rather, they provide a schedule setting forth ad infinitum when each division will sit in each of the three parishes that make up the judicial district, the division changing twice a year with the empaneling of a new grand jury. See Rule 11, sections A-B. Section C provides that criminal jury trials will be held on the first and third weeks of February, May, August, and November. Section H provides that preliminary hearings and writs of habeas corpus will be heard by the judge handling criminal matters for that term, except when the presiding judge is the sentencing judge in a habeas corpus matter.
In State v. Simpson, 551 So.2d 1303 (La.1989), the Louisiana Supreme Court considered the method of allocating criminal cases in the Fifteenth Judicial District. Therein, the court noted that both defense counsel and the state stipulated that the state chose the judge to preside over criminal cases. After further noting that due process requires fundamental fairness, meaning a fair trial in a fair tribunal, the court held as follows:
To meet due process requirements, capital and other felony cases must be allotted for trial to the various divisions of the court, or to the judges assigned criminal court duty, on a random or rotating basis or under some other procedure adopted by the court which does not vest *523 the district attorney with power to choose the judge to whom particular case is assigned.
551 So.2d at 1304. (Footnotes omitted).
Thereafter, in State v. Payne, 556 So.2d 47 (La.1990), the court granted writs upon the application of the defendant and found that the method of criminal case allocation used in the Twenty-first Judicial District was unconstitutional because the state had the authority to make unchecked motions for particular trial dates, thereby selecting the judge to try the matter. Therein, although the rules of court apparently provided for random allotment of criminal matters, the court had adopted unpublished rules of criminal procedure which provided that "[t]rials will be set at the discretion of the district attorney" (Criminal Procedure Rule III) and set forth a calendar of potential trial dates in each parish in the judicial district, designating which division of court would preside on a particular date.
Herein, the state claims that the trial dates are set at arraignment. It contends that it does not control the method of criminal case allocation because other factors, such as the constitutional requirement for a speedy trial and the statutory time periods for the institution of prosecution or trial, limit the state's discretion in bringing a matter to trial. The state also claims that the defendants, by asking for continuances or filing motions in opposition to the state's actions, have as much control as the state in bringing a matter to trial. Finally, the state notes that, since not all matters which arise during a grand jury term will be tried during that term, criminal cases will be reallotted to another judge and the state has no control over the new presiding judge.
According to the per curiam filed by Judge Marionneaux, it appears that the 18th Judicial District, like the 21st Judicial District, has an unpublished procedure for selecting trial dates and judges. In his per curiam, Judge Marionneaux states as follows:
It has been the practice of the Court that the arraignment Judge confer with the District Attorney and create a Criminal Court Docket at lease (sic) six months prior to the judge taking the misdemeanor bench. All arraignment dates in each parish, all misdemeanor trials (sic) dates in each parish and all felony jury trial weeks are included in the schedule. Said schedule is then submitted to all judges to determine if there are any conflicts or mistakes in the schedule. After being scrutinized and corrected then the schedule is adopted by the court and disseminated to each Clerk of Court's office, Sheriff's office, District Attorney's Office and Judges (sic) office in the district.
On arraignment day in each parish the District Attorney with court approved schedule in hand moves that each case be set for trial on a date selected by the District Attorney or Assistant District Attorney. The criteria used for selecting a particular date is left to the full discretion of the District Attorneys (sic) office.
Herein, the factors that the state sets forth in arguing that it does not have control over the trial date were equally applicable in the Twenty-first Judicial District and also limited the state's discretion in selecting a trial date. Further, although the state was given the discretion to select the trial date, the defense presumably would have been equally able to forum shop by moving to continue a trial from the date when an unfavored judge would be presiding. Although the state claims in this application that the trial dates are set at arraignment (apparently a random selection), according to Judge Marionneaux's opinion the arraignment dates have been pre-selected by the state and approved by the court.
The method of case allocation described by Judge Marionneaux does not comply with the mandate that allocation be random and that it not be selected by the state. Accordingly, the trial court's ruling is correct.
WRIT DENIED.

APPENDIX

NOS. 892314, 890096, 890097, 890098, 890099, 890100, 892313, 890093, 890094, 890095

Filed July 11, 1990
PER CURIAM
*524 In order to fully understand the allotment system of the 18th Judicial District Court one must refer to the Rule 11-B of the 18th Judicial District Court's local rules. One must also consider Rule 11-B is incomplete as there are that now four Divisions of Court in the 18th Judicial District. Using the example listed in Rule 11-B, during a given six month period beginning in March of any year, Division A would be assigned to the felony criminal bench in West Baton Rouge Parish while Division "B" would be assigned to the felony criminal bench in Point Coupee Parish and Division "C" would be assigned to the felony criminal bench in Iberville Parish, but Division "D" would be assigned to the arraignment and misdemeanor bench in all three Parishes. Beginning September first Division "A" would be on the arraignment and misdemeanor bench in all three parishes, Division "B" would be on the felony criminal bench in West Baton Rouge Parish, Division "C" would be on the felony criminal bench in Pointe Coupee Parish and Division "B" would be on the felony criminal bench in Iberville Parish. Beginning on the first of the following March Division "A" would be on the felony criminal bench in Iberville Parish, Division "B" would be on the arraignment and misdemeanor bench in all three parishes and Division "C" would be on the felony criminal bench in West Baton Rouge Parish and Division "D" would be on the felony criminal bench in Pointe Coupee Parish Beginning the following September, Division "A" would be on the felony criminal bench in Pointe Coupee Parish, Division "B" would be on the felony criminal bench in Iberville Parish, Division "C" would be on the arraignment and misdemeanor bench in all three parishes Division "D" would be on the felony criminal bench in West Baton Rouge Parish. The rotation after that point would then continue in the same order as above.
It has been the practice of the Court that the arraignment Judge confer with the District Attorney and create a Criminal Court Docket at least six months prior to the judge taking the misdemeanor bench. All arraignment dates in each parish, all misdemeanor trials dates in each parish and all felony jury trial weeks are included in the schedule. Said schedule is then submitted to all judges to determine if there are any conflicts or mistakes in the schedule. After being scrutinized and corrected then the schedule is adopted by the court and disseminated to each Clerk of Court's office, Sheriff's office, District Attorney's Office and Judges office in the district.
On arraignment day in each parish the District Attorney with court approved schedule in hand moves that each case be set for trial on a date selected by the District Attorney or Assistant District Attorney. The criteria used for selecting a particular date is left to the full discretion of the District Attorneys office.
 /s/ Jack T. Marionneaux
 Judge Jack T. Marionneaux
 Division "D"
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as Judge pro tem. by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.