603 So.2d 247 (1992)
STATE of Louisiana
v.
James W. CLAXTON.
No. KA 91 0894.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
*248 C. Jerome D'Aquila, Ind. Defenders Office, New Roads, for appellant-defendant.
Houston Gascon, Michael Parks, John Wayne Jewell, New Roads, for appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
James W. Claxton was charged with armed robbery, a violation of La.R.S. 14:64. He pled not guilty. After a jury trial, defendant was found guilty as charged. Defendant then filed a motion for new trial, which was denied by the trial court. On the same day as the denial of the motion for new trial, defendant was sentenced to twenty-five (25) years at hard labor without benefit of probation, parole or suspension of sentence. He now appeals, urging eight assignments of error.
Assignments of error numbers one, three, four, five, six and seven were not briefed and, therefore, are considered abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4.
FACTS
On February 21, 1990, about 8:15 p.m., defendant entered the Louisiana Express Store with two other men and asked to charge a six pack of beer. The cashier, who knew defendant, told him that the beer could not be charged. Defendant asked the closing time and advised that he would be back if he obtained the money for the beer.
At 8:45 p.m., defendant returned to the store and asked to use the bathroom. After a few minutes, he exited the bathroom in the back of the store and approached the counter. Defendant called the cashier's name; she was behind the counter and had her back toward defendant. When she turned around, she saw defendant wearing a scarf over his face, pointing a gun at her and standing halfway behind the counter. Defendant told the cashier to give him all the money. At first, she thought he was joking; then she realized that he was serious. The cashier opened the cash register and gave him about $200.00 in cash and food stamps. He then asked her to open the safe and give him the money it contained. The cashier advised him that she could not open the safe.
*249 Defendant walked to the front door and waved for someone to come to the store. He then told the cashier to spray the security camera, located at the cash register, with glass cleaner. Defendant then ordered the cashier to come with him. She and defendant entered a truck. The cashier recognized the driver and a passenger as being the two men who had come into the store earlier that night with defendant.
After a few hours, the truck was stopped by a police officer, who was looking for the vehicle and who ordered the men to return to the store. The testifying police officers did not explain their reasons for not apprehending the men at that time. The men then returned to the store, dropped the woman off and left the scene. Subsequently, police officers apprehended and arrested the men.
ALLOTMENT
By assignment of error number two, defendant contends that the trial court erred in not granting his motion to reallot his case.[1] He argues that, at the time his case was allotted to a particular trial judge, the method of criminal case allotment in the 18th Judicial District did not comply with jurisprudence holding that the case assignments to judges be random and not selected by the District Attorney.
In State v. Simpson, 551 So.2d 1303, 1304 (La.1989) (per curiam), the Louisiana Supreme Court held that the 15th Judicial District Court criminal case allotment system, which allowed the state to choose the judge who would preside over a criminal case, violated due process. Based upon the Simpson decision, this Court found in State v. Gomez, 573 So.2d 521 (La.App. 1st Cir.1990) (per curiam), that the criminal case allotment method in the 18th Judicial District then in use did not comply with the mandate that the allocation be random and that it not be selected by the state. The instant case was allotted under the same system found unconstitutional in State v. Gomez. Accordingly, we find the method by which this proceeding was allotted also violated defendant's constitutional right to due process.
Having found that the case allotment system violated due process, we must now inquire whether or not this violation warrants a reversal of defendant's conviction. We note that defendant has not, either at trial or in his brief before this Court, argued that prejudice occurred as a result of the allotment of this case. Nor does the record reveal any actual prejudice to defendant. For the reasons which follow, we conclude that the assignment of defendant's trial under this unconstitutional allotment system is at most harmless error.
The harmless error analysis was discussed at length in State v. Cage, 583 So.2d 1125, 1127 (La.), cert. denied, ___ U.S. ___, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991). The error in the case sub judice does not fall squarely within the framework of that laid out by the Louisiana Supreme Court in Cage. However, we note that the Louisiana Supreme Court also has applied a harmless error analysis to a situation in which an indictment is insufficient, despite its recognition that "the foundation of a criminal prosecution is a valid indictment." State v. James, 305 So.2d 514, 516 (La. 1974). We followed this line of reasoning in State v. Barclay, 591 So.2d 1178, 1181-82 (La.App. 1st Cir.1991), writ denied, 595 So.2d 653 (La.1992). The basic thrust of the James and Barclay opinions was not an overly technical application of the guidelines determining the situations in which a harmless error analysis could be applied but, rather, a reasonable and practical evaluation of whether or not the defendant had been prejudiced by the error.
The issue in both James and Barclay concerned a defective indictment. Both opinions applied a harmless error analysis and determined that the essential purpose of an indictment, notice to the accused of the charge, had been served and that the defendant had not been prejudiced. Herein, we apply a similar analysis. The basic purpose of a random allotment system is to ensure that the accused is tried before an impartial judge. Defendant herein does not even allege that the trial judge to whom the case was allotted was biased in *250 any manner. Therefore, we find no prejudice accrued to the defendant due to the error in the allotment system and, thus, find the error was harmless. This conclusion is strengthened by the particular facts of this case, which was originally allotted to Judge Marionneaux, but was reassigned to Judge Engolio, who presided over the jury trial herein. Therefore, this assignment of error lacks merit.[2]
EXCESSIVE SENTENCE
In his final assignment of error, defendant argues that the sentence he received is excessive. Because we have found a patent error which requires us to vacate the sentence, we will not review the merits of this assignment.
In reviewing the record for patent error, we have discovered that the trial court did not wait the required twenty-four hours after denial of defendant's motion for new trial before imposing sentence, nor did defendant waive that waiting period. See La.C.Cr.P. art. 873. Although defendant does not argue or in any way show that he was actually prejudiced by the trial court's failure to observe the waiting period (see La.C.Cr.P. art. 921), we are required in this case to vacate the sentence on this ground. In State v. Augustine, 555 So.2d 1331, 1333-34 (La.1990), the Supreme Court held that a trial court's failure to observe the twenty-four hour delay is not harmless error if the defendant challenges the sentence on appeal. The Court also implied that the error would not be harmless if the issue is raised by the defendant on appeal. However, in the event the issue is not assigned as error or the sentence is not challenged, the error is not reversible unless the defendant can show he was prejudiced. Augustine, 555 So.2d at 1334.[3]See State v. White, 404 So.2d 1202, 1204-1205 (La.1981). In the instant case, defendant does not raise this error on appeal, but he does challenge his sentence. Thus, according to the Supreme Court, the error is not harmless; and we must vacate the sentence. See State v. Avila, 563 So.2d 990, 993-994 (La.App. 5th Cir.1990). See also State v. Collins, 584 So.2d 356, 359 (La. App. 4th Cir.1991). Because the Supreme Court's ruling in Augustine requires us to vacate the sentence, we find it inappropriate to review the merits of the excessive sentence challenge at this time.
Accordingly, we remand for resentencing. Upon resentencing defendant, the trial court is instructed to give defendant credit for time served as required by La. C.Cr.P. art. 880. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990).
CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.
SHORTESS, J., concurs.
NOTES
[1] Defendant did not apply for supervisory writs to contest this ruling.
[2] Our brethren of the Third Circuit have also applied a harmless error analysis in a similar situation involving an allotment under an unconstitutional system. See State v. Montgomery, 575 So.2d 471, 477-78 (La.App. 3rd Cir.1991).
[3] While we fail to appreciate the logic behind the Supreme Court's decision in Augustine, we are bound to follow it. We question that an article 873 violation can be harmless but automatically becomes reversible merely because the issue is assigned as error or because the sentence is challenged in an assignment of error. Article 920(2) of the Code of Criminal Procedure requires appellate courts to review the record for patent errors regardless of whether the issue has been assigned as error. Merely because a defendant assigns as error an issue which also is patent error should not result in an automatic reversal. See La.C.Cr.P. art. 921. State v. Montgomery, 575 So.2d 471, 477-78 (La. App. 3rd Cir.1991).