| .McDonald, J.
Concurring.
While I agree with the analysis and conclusions of the concurrence by my esteemed colleague, Judge Kuhn, I take this opportunity to address the difference between plain and patent error. La.Code Crim. P. art. 920, entitled “Scope of appellate review”, provides that “The following matters and no others shall be considered on appeal: ... (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” (Emphasis added.) This has come to be known as a patent error. However, there is a distinction between patent error and plain error. Federal law provides for plain error; Louisiana law does not. Federal Rules of Criminal Procedure, Rule 52(b) provides that “[A] plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.”
Thus, a plain error is such that requires reversal because it is so fundamentally prejudicial to the due process rights of the defendant. In State v. Williamson, 389 So.2d 1328 (La.1980), the supreme court reviewed an erroneous jury instruction even though the defendant failed to object at trial. In reversing the conviction the court stated:
[T]he asserted error involves the very definition of the crime of which the defendant was in fact convicted. Such an error is of such importance and significance as to violate fundamental requirements of due process. 389 So.2d at •1331.
However, in State v. Thomas, 427 So.2d 428 (La.1982), on rehearing, the court warned against equating a patent error review with plain error. The court cautioned:
|;Williamson should not be construed as authorizing appellate review of every alleged constitutional violation and erroneous jury instruction urged first on appeal without timely objection at occurrence. 427 So.2d at 435; see also State v. Belgard, 410 So.2d 720, 727 (La.1982).
Thus, the error must be of such magnitude when found on a patent error search as to prejudice the defendant and the burden is on the defendant to prove that he was prejudiced. State v. Brown, 868 So.2d 775 (La.App. 1 Cir.2003) citing See State v. Augustine, 555 So.2d 1331, 1333-1334 (La. 1990) and State v. Claxton, 603 So.2d 247, 250 (La.App. 1 Cir.1992). Unless the defendant can show he was prejudiced by the error, the conviction is not reversible. The defendant in this case did not raise the error either at trial or on appeal and there is no prejudice. For all these reasons, including those stated in Judge Kuhn’s concurring opinion, I agree the conviction should be affirmed.