ANTONIO DI MAIO, PROSECUTOR, v. ARTHUR REID, RE-CORDER, AND RECORDER'S COURT OF THE TOWN-SHIP OF MT. OLIVE, NEW JESEY, RESPONDENTS.

Submitted May 2, 1944—Decided June 12, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Edward M. Malone.*

For the respondents, *William A. Hegarty.*

The opinion of the court was delivered by

PORTER, J. The prosecutor was arrested about midnight September 20th, 1943, by two police officers of the Township of Mt. Olive and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of *R. S.* 39 :4–50. He was taken to police headquarters. The recorder prepared a complaint and warrant charging a violation of the statute *supra.* He immediately tried prosecutor, found him guilty and sentenced him to a fine of $200 and costs, in default of payment that he be committed to the county jail for thirty

days, and revoked his license to drive for two years. Prosecutor was unable to pay the fine and was committed to the Morris County jail at 1:30 A. M.

This conviction is challenged on this writ of *certiorari* on the ground that the prosecutor was not given a fair trial and was convicted while not in a condition to comprehend or intelligently meet the charge. In *Twining* v. *New Jersey,* 211 *U. S.* 78; 53 *L. Ed.* 97, it was held that the essential elements of due process of law are notice, an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Test* v. *Test,* 131 *N. J. Eq.* 197. The Court of Errors and Appeals held in *Johnson* v. *City of Wildwood,* 116 *N. J. L.* 462 (at *p.* 464), "A fair trial is a legal trial; one conducted according to rules of common law except in so far as it has been changed by statute; one where the accused legal rights are safeguarded and respected." If this man was intoxicated, as it seems he was, he certainly was in no condition to be called upon to plead to this charge nor to have the judgment or understanding sufficient to protect his interests at a trial where he was under charges. There was no necessity for the unseemly haste, as was here exhibited. It seems clear to us that the prosecutor was denied his right to an orderly proceeding. He was denied due process of law. *Cf. Kruttschnitt* v. *Hagaman,* 128 *Id.* 246; *Joerg* v. *Alberts,* 129 *Id.* 287.

The conviction is reversed.