[No. 35141.   Department Two.   February 4, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. MARTIN NELS JOHNSON, *Appellant.*[1]

[1]Reported in 349 P. (2d) 227.

Carl Maxey and Henry Opendack, for appellant.

John J. Lally, Justin L. Quackenbush, and Theodore R. Fournier, Jr., for respondent.

ROSELLINI, J.—The appellant was charged with four counts of petit larceny, two counts of grand larceny, and one count of fraudulent destruction of insured property. The case was called for trial on September 4, 1958, before the Honorable Louis F. Bunge. At that time appellant, his counsel, and counsel for respondent signed a stipulation agreeing that the jurors could separate during the trial. The selection of the jury was completed shortly before noon on September 5th.

Following the noon recess and before the reception of any evidence, the presiding judge conferred with counsel and with Judges Bunge and Foley regarding transfer of the case from Judge Bunge to Judge Foley. The request for transfer was made to facilitate assignment of a lengthy trial to Judge Bunge, who was the only judge then available to hear such a case without interruption by other commitments. Both appellant and his counsel agreed to the transfer and waived any claim of error.

Before the reception of any evidence, the state repeated its opening statement.

Appellant moved for dismissal at the close of the state's case and again after all the evidence had been submitted. Both of these motions were denied. The appellant submitted no proposed instructions and did not except to any of the instructions given. The jury acquitted him on the first four counts, but found him guilty of grand larceny and fraudulent destruction of insured property. A subsequent motion for a new trial was denied.

The contentions of the appellant are (1) that the court erred in giving an instruction regarding the duty of the

jurors to conscientiously endeavor to reconcile their differences if possible; (2) that it was reversible error to substitute one judge for another after the jury was impaneled.

It would serve no useful purpose to set forth the instruction complained of in the first assignment of error, inasmuch as we cannot consider the alleged error.[2] Only exceptions which are made to instructions in the trial court can be considered on appeal. *State v. Lyskoski*, 47 Wn. (2d) 102, 287 P. (2d) 114.

The second assignment of error presents a new question in this jurisdiction. The general rule, as stated by the appellant in his brief, is that a judge may not be substituted to preside over the remainder of a trial after evidence has been adduced before the original judge. The leading case is *Commonwealth v. Thompson*, 328 Pa. 27, 195 Atl. 115, 114 A. L. R. 432.

As a rule, a judge cannot finish the performance of a duty already entered upon by his predecessor where that duty involves the exercise of judgment and the application of legal knowledge to, and judicial deliberation of, facts known only to the predecessor. *Durden v. People*, 192 Ill. 493, 61 N. E. 317; *Commonwealth v. Thompson, supra*, 30 Am. Jur. 25, § 39.

It immediately is apparent that the substitution of a judge after the jury has been sworn but before any evidence has been taken, does not involve this objection. As was said in *Commonwealth v. Thompson, supra*, the examination of jurors under *voir dire* does not elicit any information that can be used in the trial of the case. Such examination is merely for the purpose of securing a competent, fair, and unprejudiced jury. That function can be performed properly by any judge, but after a jury is selected and sworn, a different situation arises.

In this case, the state had made its opening statement when the judge was substituted. However, that statement was repeated in the presence of the substitute judge.

---

[2] In the light of *State v. Ring*, 52 Wn. (2d) 423, 900, 325 P. (2d) 730, 326 P. (2d) 1007 (1958), the entire instruction may be suspect.

That statement is not evidence, and it is not contended that the first judge was called upon to make any ruling during the course of the opening statement which affected the later conduct of the trial. Nor, for that matter, is it contended that the appellant was in any way prejudiced by the substitution of judges. The substitution did not offend the general rule relied upon by the appellant, and was not reversible error.

Consequently, we need not decide now whether, in a case where prejudice results from the substitution of a judge during the course of a trial, a defendant may be found to have waived the right to allege error, as some courts have held. See *Simons v. United States*, 119 F. (2d) 539 (C. C. A. 9th), *People v. Henderson*, 28 Cal. 466; and *Bowman v. Alvis*, 88 Ohio App. 229, 96 N. E. (2d) 605, the latter case holding that a defendant may by failing to object to the substitution of a judge during the trial (after evidence has been received) waive his right to allege error if no prejudice is shown.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.

---

March 18, 1960. Petition for rehearing denied.