571 So.2d 208 (1990)
STATE of Louisiana
v.
Ronald L. KIMMEL.
No. Cr 90-264.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
*209 Ron Ware, Public Defender Office, Lake Charles, for defendant-appellant.
Robert Bryant, Beth Conrad, Asst. Dist. Attys., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and DOUCET and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Defendant, Ronald L. Kimmel, was convicted of second degree murder, a violation of La.R.S. 14:30.1, and was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Defendant now appeals alleging that the trial court erred in denying his motion for reassignment of his case by the district attorney in accordance with due process requirements of the Louisiana and United States Constitutions and State v. Simpson, 551 So.2d 1303 (La.1989).
Defendant and his codefendant, Douglas N. Copp, were indicted for the first degree murder of LeRoy Foster. Prior to trial by jury, defendant filed a motion entitled "Motion to Compel the District Attorney to Comply with Due Process Requirements of the Louisiana and United States Constitutions and State v. Simpson and For Reassignment of the Case." The motion was heard on January 22, 1990 and denied by the trial court. Defendant gave notice of his intent to seek writs with this court and requested a stay order. The trial judge denied the request for a stay order, and the defendant apparently abandoned his intent to apply for writs. The trial proceeded, and defendant was convicted on January 25, 1990 and sentenced on January 31, 1990.
At the hearing on defendant's motion to compel, testimony was offered concerning the system for assignment of criminal cases in Calcasieu Parish. At midyear, the Judicial Administrator prepares a calendar for the following year for seven divisions of the court. Each judge is assigned one schedule by lot. The schedule sets forth when each judge will handle criminal jury trials, criminal backup, civil jury trials, civil trials, motions, and so forth, for the next year. This information is compiled and a copy sent to various agencies, including the district attorney's office. After receiving the calendar, the district attorney's office then assigns its assistant district attorneys to the various jury weeks and arraignment and motion days. Each individual assistant is assigned cases under internal rules, and he or she fixes those for motions and trials on dates as he or she sees fit. Except in rare cases involving matters such as preliminary exams, the judge orders the cases fixed on the date *210 chosen by the assistant. The assistant is not required to designate the order of cases fixed for a particular petit jury, but may do so informally if desired.
In State v. Simpson, the Louisiana Supreme Court held that "capital and other felony cases must be allotted for trial to the various divisions of the court, or to judges assigned criminal court duty, on a random or rotating basis or under some other procedure adopted by the court which does not vest the district attorney with power to choose the judge to whom a particular case is assigned." 551 So.2d at 1304. The court further held that "the criminal docket for a particular day must indicate the order in which cases are to be called for trial." 551 So.2d at 1305. See also State v. Payne, 556 So.2d 47 (La. 1990).
The system in Calcasieu Parish does not meet these requirements. We find, however, that the error committed by the trial judge in failing to grant defendant's motion to compel was harmless.
La.C.Cr.P. art. 921 provides that "a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." Therefore, a defendant's conviction will not be overturned, even when error is committed, if an appellate court finds beyond a reasonable doubt that the error was harmless in light of the total circumstances. State v. Humphrey, 412 So.2d 507 (La.1981). A reversal and a new trial is required only if there is a reasonable possibility that the error complained of may have contributed to the conviction. State v. Hocum, 456 So.2d 602 (La.1984). The defendant must show prejudice before his conviction will be reversed. State v. Sweeney, 443 So.2d 522 (La.1983).
In State v. Romero, 552 So.2d 45 (La. App. 3d Cir.1989), writ denied, 559 So.2d 137 (La.1990), the defendant filed a motion to compel the random selection of a trial judge by the district attorney. As in the case before us, Romero's motion was denied. In affirming the trial court, we held that Romero failed to show how he was prejudiced by the denial of his motion to compel. We said:
The defendant in this case has failed to show how he was prejudiced by the State's selection of a particular trial court judge to preside over his trial. Defendant did not seek in accordance with law, to recuse the trial judge before trial alleging bias or prejudice. Defendant does not allege any bias or prejudice of the trial judge during his trial. We find none by reviewing the record on appeal. Absent any evidence whatsoever of prejudice and in light of the total circumstances of defendant's conviction, we find that any such error is harmless error and that defendant's first assignment of error is without merit.
552 So.2d at 49.
Similarly, the defendant herein did not seek to recuse the trial judge. In his brief to this court, the defendant does not allege bias or prejudice on the part of the trial judge. We have thoroughly reviewed the record before us and have found no evidence of bias or prejudice by the trial judge. Rather, the record reveals that the defendant was convicted after a fair trial before an impartial judge and a jury of his peers. Absent any evidence whatsoever of prejudice and in light of the total circumstances of defendant's conviction, we find that the error of the trial court in failing to grant defendant's motion to compel was harmless.
Defendant's conviction and sentence are affirmed.
AFFIRMED.