WRIT GRANTED AND MADE PEREMPTORY:

The trial court’s May 7, 1993 Order prohibited the setting of all but one first degree murder case in the Fourteenth Judicial District on or before October 25, 1993, where the Indigent Defender’s Office was appointed. Although this Order was issued in an attempt to properly prepare this one first degree murder case for trial, the court ignored the rights of other defendants facing first degree murder charges in this district. The Amended Order issued on June 1, 1993, was an apparent attempt to rectify this problem by rescinding the May 7, 1993 Order and setting forth specific guidelines which, if met, would give the district attorney the authority to set other first degree murder cases before October 25, 1993. The issuance of this Amended Order renders the district attorney’s argument concerning the violation of other defendants’ rights to speedy trial moot. However, since the district attorney is prohibited from setting certain first degree murder cases for trial on or before October 25, 1993, unless one of the specified exceptions is met, we must still determine whether the. trial court has the authority to enjoin the setting of trial dates in other first degree murder cases before a specified date.
It is important to note that the May 7, 1993, Order came about as a result of the Public Defender’s Office requesting a continuance of a trial date in State v. Ricky Langley to enable that office to properly prepare the defendant’s defense on a first degree murder charge. Defense counsel never requested or moved for the issuance of the injunction. We find the trial court’s issuance of injunctive relief was not only improper but was unnecessary because other relief is available.
La.C.Cr.P. art. 702 provides in pertinent part “[cjases shall be set for trial by the court on motion of the state, and may be set for trial on motion of the defendant.” (Emphasis ours). We interpret this, in conjunction with the inherent powers given the district attorney to determine whom, when, and how he shall prosecute (see La.C.Cr.P. art. 61), to mean the district attorney, not the trial judge, has the duty and responsibility to set matters for trial. If the district attorney fails to perform this required duty, then the court may, under the authority of La.C.Cr.P. art. 17, exercise its power to assure that the case is handled in an orderly and expeditious manner. However, this authority should only be used when the district attorney has failed to assure that the case is handled in an orderly and expeditious manner. If the defense attorneys are unable to properly prepare for trial because of time constraints or other intervening factors, they may,, as was done in State v. Langley, request a continuance of the trial date pursuant to La.C.Cr.P. art. 707. Upon the showing of good cause, the trial court, in its discretion, may grant the continuance. See La.C.Cr.P. art. 712.
We further note defense counsel did not object to the scheduling of the trial date in State v. Langley on October 18, 1993, as requested by the state. Furthermore, the arguments suggesting a violation of State v. Simpson, 551 So.2d 1303 (La.1989), are not properly before this court as the defendants who are a party to this action did not object to the state’s request to set the matters for trial.
Accordingly, we set aside the June 1, 1993, Amended Order of the trial court and remand these cases to the trial court for *1205 rescheduling of the trial dates pursuant to La.C.Cr.P. art. 702.