731 So.2d 409 (1999)
STATE of Louisiana
v.
Charles RILEY.
No. 98-KA-830.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
Rehearing Denied April 5, 1999.
*411 Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, Frank Brindisi, Assistant District Attorneys, Gretna, Louisiana, Counsel for plaintiff-appellee.
Dwight Doskey, New Orleans, Louisiana, Counsel for defendant-appellant.
Court composed of Chief Judge H. CHARLES GAUDIN, and Judges SOL GOTHARD and THOMAS F. DALEY.
GAUDIN, Chief Judge.
Charles Riley was convicted by a jury in the 24th Judicial District Court, Jefferson Parish, of possession of more that 200 grams but less that 400 grams of cocaine, LSA-R.S. 40:967, and sentenced to 25 years at hard labor. Finding no reversible error, we affirm.
On appeal, Riley assigned these trial court errors:
(1) the transfer of his case from the division to which it had been randomly allotted to a division created especially for narcotics cases was unconstitutional,
(2) the trial judge erred in denying the motion to suppress evidence,
(3) the trial judge erred in restricting voir dire,
(4) the trial judge erred in limiting his closing argument, and
(5) there was insufficient evidence to justify the verdict.
On May 15, 1997, two Jefferson Parish deputies in an unmarked police car stopped Riley because (1) he pulled in front of the police car without using a turn signal, because (2) Riley's vehicle had a Texas license plate without an expiration sticker as required by Louisiana law and (3) Riley changed lanes several more times without signaling and then sped off. Also, Riley was not wearing a seat belt. Riley was driving a Chevrolet Tahoe vehicle.
Following the stop, one of the deputies approached Riley's vehicle and saw, in plain view, two packages wrapped in cellophane which appeared to the officer, based on his experience, to be cocaine.

ASSIGNMENT NO. 1
Riley's criminal case was originally allotted to Division I of the 24th Judicial District Court then transferred by the district judge of that division to Division S, the so-called drug court, in accord with court rules.
While the Louisiana Code of Criminal Procedure does not contain a provision governing the allotment of criminal cases, LSA-C.Cr.P. art. 18 permits a court to adopt rules for the conduct of criminal proceedings not in conflict with provisions of this Code or of other laws.
Rule VI of the Criminal Court Rules for the 24th Judicial District Court states, in part: "A representative of the Clerk of Court shall be present for every allotment. Each filing shall be classified by the District Attorney and then allotted by random drawing." The Criminal Court Rules further provide for the transfer of certain narcotics cases to a special division or section of court, Division S, in accord with this rule:
"Upon allotment Class II and Class III C.D.S. cases ... shall be transferred to the Special Criminal Section through a transfer order, unless the defendant has a pending felony, and in that event the Class II and Class III C.D.S. case shall remain in the division to which it was originally allotted."
Riley's case was duly classified as a "Class II drug case." After being randomly allotted by the Clerk of Court to Division I, it was transferred to Division S. Riley had no pending felony cases which would have prevented the transfer. Riley contends, in this assignment of error, that the transfer to the drug court was unconstitutional and that it deprived him of due process.
The District Attorney's office has no control over the original allotment of cases to one of the divisions of the 24th Judicial *412 District Court. In Riley's case, the subsequent transfer to the drug court was approved by the Division I judge and by one of the judges assigned to Division S.
Riley moved in Division S to have his case returned to Division I. This was denied. Riley did not at any time ask the Division S judge to recuse himself because of prejudice toward either him or his trial attorney. Instead, in support of his constitutional challenge, Riley cites and relies on State v. Simpson, 551 So.2d 1303 (La. 1989), and State v. Reed, 653 So.2d 1176 (La.1995), and on a civil case, State v. Sprint Communications Co., L.P.; 699 So.2d 1058 (La.1997). In Simpson and Reed, the Louisiana Supreme Court struck down allotment methods in criminal cases which were neither random nor free of possible control or manipulation by the district attorney's office. The procedures in these two cases were clearly different from the Jefferson Parish system of transferring cases from the district court to Division S after the initial at-random allotment.
In Sprint, the Supreme Court examined and found fault with the 18th Judicial District Court's interdivisional transfer of civil cases that had been made in the "best interest of judicial economy and case management." Two class action suits had been filed and randomly allotted to one judge, who transferred them to another judge who "was more experienced in class action lawsuits." These transfers violated LSA-C.C.P. art. 253.2, public policy and Local Rule 9 of the 18th Judicial District Court.
The Jefferson Parish allotment and transfer procedure is not subject to control or manipulation by either the District Attorney or any judge. To be transferred, a case must meet specific requirements; once these requirements are met, the case is automatically transferred although the district judge and Division S judge routinely note their approval.
We see no constitutional flaw.

ASSIGNMENT NO. 2
This assignment of error questions the officers' integrity and their credibility as witnesses. A Chevrolet Tahoe, Riley contends, is a truck and therefore the officers could not look into it from behind; and further, the Tahoe's windows had dark tint.
At the motion hearing, the trial judge, however, chose to believe the police officers, whose testimony contradicted Riley's. Credibility is best determined by the trial judge and is not upset on appeal unless discretion was abused. Our consideration of the testimony shows no abuse.

ASSIGNMENT NO. 3
In this assignment, Riley complains because his attorney was not allowed to question a particular juror about the origin and history of presumption of innocence. In limiting the inquiry, the trial judge said:
"I'm not going to go into the origin of presumption of innocence. We'll be here until noon Saturday.
"All I will allow you to do is find out if this prospective juror understands what I've told her, that this defendant is presumed to be innocent until and unless the State proves him guilty."
The trial judge then asked the juror whether she understood the presumption of innocence, and she responded affirmatively.
The judge did not abuse his discretion in preventing defense counsel from delving into the history of the concept of presumption of innocence. It was sufficient that the jurors in this case understand the presumption of innocence as it pertained to defendant. The judge and prosecutor had already fully defined the law in that regard, and the jurors appeared to understand their explanations.
Defense counsel also attempted to question jurors about the differences between criminal and civil proceedings. The *413 court again stopped counsel, ruling that a criminal jury does need not be informed as to the law in civil cases. The court did not abuse its discretion in making this ruling, as jurors might have been misled or confused by the introduction of civil concepts in a criminal trial.
Defense counsel thereafter queried jurors about subjects such as abortion, gun control, the death penalty, religion and politics, all areas unrelated to a narcotics case. These topics were objected to by the prosecuting attorney as having little or nothing to do with the case being heard.
The voir dire as a whole was sufficient to allow the defense and the state to make informed choices in selecting the jury.

ASSIGNMENT NO. 4
During his closing argument, Riley's counsel said to the jury:
"And the last point, and these are facts about undisclosed facts; where are they? Who owned the vehicle? Where did the party owning the vehicle live? Where did the Defendant live? What's the background of the Defendant? Where had the vehicle been? Why?"
After the prosecutor objected, the trial judge stated to Riley's attorney:
"Mr. Kidd, you know better. You tell them what the evidence is shown from what was elicited from this witness stand, not the negative inferences you're making at this point, from the evidence that was not presented.
Tell the jury what you want them to do, based on what they've heard."
It is arguable that the trial court erred in limiting defense counsel's argument but it does not appear that Riley was prejudiced. Firstly, the trial judge did not instruct the jury to disregard that portion of the argument at issue. Secondly, defense counsel was able to argue the insufficiency of the state's evidence in other areas, such as the chain of evidence. Finally, the court ultimately instructed the jurors that they could consider the evidence or lack thereof in their deliberations.
If there was error here, it was harmless.

ASSIGNMENT NO. 5
By this assignment, Riley argues that the state failed to prove that the cocaine seized weighted between 200 and 400 grams. He contends the state proved, at most, simple possession. Under LSA-R.S. 40:967 F(1)(b), the state was required to prove that the defendant possessed more than 200 and less than 400 grams of cocaine or "of a mixture or substance containing a detectable amount of cocaine." As to the element of weight, the state produced the testimony of Daniel Waguespack, an expert in the testing and analysis of narcotics.
Waguespack stated that he weighed the two packages in evidence on a scale in his laboratory. One weighed 129.5 grams, and the other weighed 281.9 grams, for a total gross weight of 411.4 grams. He determined that the substance in both packages consisted of 90 percent pure cocaine. Waguespack estimated that the packaging itself accounted for about 50 grams of the total weight. The total weight of the cocaine, minus the packaging, was 361.4 grams. Waguespack did not weight the packaging separately, but made a visual estimate based on his experience with such materials.
The jurors saw and handled the bags in question and were able to form an opinion as to whether the chemist's testimony was adequate regarding weight. There was no testimony contrary to Waguespack's.
A rational trier of fact could have concluded that the cocaine seized, minus the packaging, weighted at least 200 grams.

ERRORS PATENT
The record was reviewed for errors patent. Although defendant was found guilty of possession of cocaine between 200 and 400 grams, the commitment incorrectly lists the offense as possession of cocaine in *414 an amount over 28 grams. We remand for correction of the commitment form.
Riley's sentence is illegally lenient, as the trial judge failed to impose a fine as required under LSA-R.S. 40:967 F(1)(b). However, the state has not raised this issue and we will not address it.
At the time of sentencing, the trial judge did not advise Riley of the three-year time limitation for applying for post-conviction relief, as required by LSA-C.Cr.P. art. 930.8. We remand for this purpose and for the trial court to file written proof in the record that Riley received said notice.
Riley's conviction and sentence are affirmed. We remand only for the purposes specified above.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR LIMITED AND SPECIFIED PURPOSES.