PER CURIAM.
11 Granted. In a dispute prompted by the state selecting from its priority list one case for trial before defendant’s case, although defendant appeared higher on the list and had filed a motion for a speedy trial, the court of appeal correctly rejected defendant’s demand that at the new trial date set by the court over his objection, the state place his case at the top of the list. However, the court of appeal directed the District Attorney to comply with the dictates of our decision in State v. Simpson, 551 So.2d 1303 (La.1989), “by listing for defense counsel the cases on the criminal docket in the order in which cases are to be called for trial.” State v. Chapman, 45,717 (La.App. 2nd Cir.5/27/10). The court of appeal appears to have subscribed to the view, expressed by the defense in its opposition to the state’s writ seeking review in this Court, that while the District Attorney “has all of 12the discretion in the world” before drawing up the priority list, once done with the list, “he must live with it.”
This Court did observe in Simpson, albeit in dicta, after holding the procedure for allotting criminal cases employed at the time in 15th Judicial District Court did not comport with due process, that “the criminal docket for a particular day must indicate the order in which cases are to be called for trial.” Id., 551 So.2d at 1305. However, we made that observation in considering a local rule of the 15th Judicial District Court, which permitted the District Attorney to call criminal cases “in any order preferred by him.” We cautioned that the rule “cannot be interpreted to grant that authority on the day of trial.” Id. However, we meant by that observation not to impose a rigid rule of practice encroaching on the broad discretion of a District Attorney to determine “whom, when, and how he shall prosecute,” La. C.Cr.P. art. 61, but only to emphasize as a general proposition that “[a]ll litigants have a right to their day in court, and have a right to know, at least relatively, when that day will come, that he may prepare for his defense, or otherwise, as the case may be.” Simpson, 551 So.2d at 1305(in-ternal quotation marks and citation omitted); cf. La.C.Cr.P. art. 702 (providing that cases shall be set for trial on motion of the state and that “defendant shall be given notice of trial sufficiently in advance thereof so that he may summon , his witnesses.”).
It appears that in accord with the District Attorney’s established protocol, the state furnished its priority list to defendant three weeks before the trial date and then advised defense counsel six days before that date that another case would go to trial, although it was lower on the list. The District Attorney thus provided fair notice to counsel that defendant’s day had not yet come sufficiently in advance of trial that defendant and counsel could plan accordingly. We have no reason to IsSuppose that a similar procedure will not be employed for future trial settings on the District Attorney’s priority lists, thereby continuing to provide defendant with fair notice of the probability that his case will or will not go to trial on the date assigned.