STATE OF LOUISIANA      *      NO. 2023-K-0239

VERSUS      *

     COURT OF APPEAL

JOHN HONORE, ET AL.      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 554-135, SECTION "DIVISION D"
Judge Kimya M. Holmes,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Jason R. Williams
Brad Scott
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR THE RELATOR

Jerome W. Matthews, Jr.
Matthews Law Office, L.L.C.
1901 Manhattan Blvd
Harvey, LA 70058

     COUNSEL FOR THE RESPONDENTS

         **WRIT GRANTED; RELIEF DENIED**
         **April 25, 2023**

*RML*

*PAB*

*TGC*

The narrow issue presented here is whether the district court abused its discretion in re-setting the jury trial date in this multi-defendant, murder case from April 2023 to March 2024. For the reasons that follow, we grant the State of Louisiana's writ seeking review of the district court's decision, but we deny its request for relief.

## BACKGROUND AND DISCUSSION

This matter involves four co-defendants—John Honore, Briniyah Baker, Mar'qel Curtis, and Lenyra Theophile—who were indicted in April 2022 for the murder of Linda Frickey. A jury trial was set to begin on April 3, 2023 as to three of the defendants—all except for Ms. Theophile, who was declared incompetent. On the day before the trial was to commence, the Louisiana Supreme Court granted Ms. Baker's writ application and reversed the district court's denial of a joint motion to continue the trial. *State v. Honore*, 23-00461 (La. 4/4/23), ___ So.3d ___, 2023 WL 2910563. On remand, the district court, in open court, set a new trial date of March 18, 2024. The State objected to that ruling, requesting an

1

earlier trial date in August, September, or October 2023, which the district court denied. This writ application followed.

In its writ, the State framed the issue presented as two-fold: (i) whether the district attorney controls when cases are set for trial under La. C.Cr.P. art. 61; and (ii) whether a district court shall set cases for trial on motion of the State under La. C.Cr.P. art. 702 absent unreasonable delay or neglect by the State. The State contends that it has neither delayed nor neglected this case and, thus, there is no reason that the State's request for an earlier trial date should have been denied. In its writ, the State also argues that the district court failed to consider La. R.S. 46:1844(J), which provides that the court shall consider the impact on the victim in setting trial dates and in ruling on continuances.[1] In its writ, the State acknowledges that the standard of review applicable here is an abuse of discretion standard.

At this court's request, the district court provided a *per curiam* setting forth a multitude of reasons that were factored into the decision of setting the new March 2024 trial date. Those reasons can be sub-divided into three categories: (i) discovery-related issues; (ii) co-defendant-related issues; and (iii) jury-related issues.

*Discovery-Related Issues*

---

[1] La. R.S. 46:1844(J) provides that "[t]he victim shall have the right to a speedy disposition and prompt and final conclusion of the case after conviction and sentencing. When ruling on a defense motion for continuance, the court shall consider the impact on the victim."

The district court emphasized that the Supreme Court's decision to grant Ms. Baker's writ—resulting in continuing the April 2023 trial date—was due to the discovery-related issues. Indeed, in its *per curiam* opinion, the Supreme Court instructed the district court to select a new trial date that "will afford the defendants additional time to respond to the State's DNA and fingerprint evidence." *Honore*, 23-00461, p. 1 (La. 4/4/23), ___ So.3d at ___. 2023 WL 2910563, *1.

The district court, in its *per curiam*, explained that the Supreme Court's writ-grant was meant to afford defense counsel for two defendants— Ms. Baker and Mr. Honore—ample opportunity to locate and retain experts to conduct independent analysis of forensic evidence—DNA evidence (as to Mr. Honore and Ms. Baker) and latent fingerprints (as to Ms. Baker). Continuing, the district court observed that "the State had eleven months to secure DNA testing where securing funding and petitioning the Court for release of said evidence were not factors"; and fundamental fairness dictated the court "afford the defendants a similar time frame to avail themselves of forensic testing." Thus, the discovery-related issues were at the heart of the district court's selection of the March 2024 trial date—an eleven-month period for such discovery.

*Co-Defendant-Related Issues*

In its *per curiam*, the district court next pointed out that the discovery-related issues pertained to only two of the four defendants—Mr. Honore and Ms. Baker. The district court observed that the other two defendants—Ms. Curtis and

Ms. Theophile—presented different situations. Nonetheless, the district court explained how, in resetting the trial date, it factored into its analysis these other two defendants' situations.

As to the third defendant, Ms. Curtis, the district court observed that Ms. Curtis was not alleged to have any outstanding discovery issues or any other impediment to going forward with her trial as it relates to forensic testing. The district court stressed that it had previously stated on the record its willingness to separately set Ms. Curtis' trial in accordance with La. C.Cr.P. art. 714.[2] The district court observed that it "was and is prepared to conduct the trial of Ms. Curtis, seeing no procedural impediment due to outstanding discovery or forensic testing."

As to the fourth defendant, Ms. Theophile, the district court noted that Ms. Theophile was currently incompetent to stand trial and was undergoing competency restoration. For this reason, Ms. Theophile was excluded from the setting of the April 2023 trial date. Nonetheless, the district court observed that by resetting the trial date to March 2024, Ms. Theophile's competence potentially could be restored by that date. As the district court observed, if her competency is restored, Ms. Theophile "will be afforded ample time to prepare with her counsel to be tried along with the three other defendants."

---

[2] La. C.Cr.P. art. 714 provides as follows:

> When defendants are jointly indicted and a continuance is granted to one of them, the court may grant a continuance to any of the others, on his motion. However, a continuance granted to one defendant shall not deprive other jointly indicted defendants of a prompt trial unless the state can show good ground for continuance as to them.

For these reasons, the co-defendant issues support the district court's exercise of its discretion in selecting the March 2024 trial date.

*Jury-Related Issues*

The third category of issues relates to the jury. The district court noted two jury-related issues—jury questionnaires and holiday concerns.

Working together, the district court, all defense counsel, and the State prepared lengthy jury questionnaires (the "Questionnaires") in preparation for the April 2023 trial date. The Questionnaires, the district court observed, were required of all potential jurors during empanelment and before voir dire commenced. The district court observed the following regarding the Questionnaires:

> In anticipation of this trial beginning on April 3, 2023, the Court worked with the Jury Commissioner to send 1500 jury summons to potential jurors. Only a total of 154 jurors appeared in response to their summons. From this experience, this Court has already, in concert with the Jury Commissioner, selected an empanelment date well in advance of the March 2024 trial date, has requested summons to be mailed in advance of that date, and is prepared to once again require completion of Juror Questionnaires by the citizens who respond dutifully to their summons.

The district court also observed that to be effective juror selection tools, the court and the parties must examine the Questionnaires before jury selection commences.

The second jury-related issue is the impact of the holidays on the jurors. The district court observed that it "anticipates that the Holiday Season in November and December, as well as Carnival holidays in January and February can pose unique challenges to juror participation due to scheduling conflicts, especially because this matter is a homicide case with three (possibly four) defendants."

These two jury-related issues likewise support the district court's exercise of its discretion in selecting the March 2024 trial date.

In sum, we find the multitude of reasons the district court articulated in its *per curiam* for selecting the March 18, 2024 trial date demonstrate that it did not abuse its discretion in selecting that date.

Finally, we note, as did the district court in its *per curiam*, that the Supreme Court, in *State v. Reimonenq,* 2019-0367, p. 7 (La. 10/22/19), 286 So.3d 412, 417, observed:

> [U]nder La. C.Cr.P. art. 61, district attorneys have sole discretion in determining when and how to prosecute an accused. However, once charges are brought, district attorneys become litigants in a trial court, and their authority under Art. 61 must co-exist with the provisions of the Code vesting the trial court with the "duty to require that criminal proceedings . . . be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done." La. C.Cr.P. art. 17. Pursuant to La. C.Cr.P. art. 707 *et seq*., this authority includes the authority to set a case for trial and to grant a continuance. A natural tension thus arises between the authority of the courts and the authority of district attorneys. [3]

But, as Justice (now Chief Justice) Weimer has observed, "[j]udges set trials." *State v. Love*, 00-3347, p. 21 (La. 5/23/03), 847 So.2d 1198, 1215 (Weimer, J., concurring in part). Although an abuse of discretion can occur in the setting of a trial date, we find, for the reasons outline elsewhere in this writ opinion, such is not the case here.

---

[3] *See also State v. Simpson*, 551 So.2d 1303, 1304-05 (La. 1989) (observing that "[u]nder the court's inherent power, the trial judge of the division to which the case is assigned has ultimate control over the scheduling of criminal cases for trial, although the district attorney has the primary responsibility to move to set criminal cases for trial").

6

**<u>DECREE</u>**

For the forgoing reasons, we grant the State of Louisiana's writ, but deny relief.

**WRIT GRANTED; RELIEF DENIED**