Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,253-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JEREMIAH LEE TODD                           Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 222,298

Honorable Douglas M. Stinson, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Paula C. Marx

JEREMIAH LEE TODD                          Pro Se

J. SCHUYLER MARVIN                         Counsel for Appellee
District Attorney

RICHARD R. RAY
J. CHANCELLOR NERRON
Assistant District Attorneys

* * * * *

Before PITMAN, ROBINSON, and MARCOTTE, JJ.

**PITMAN, C. J.**

Defendant Jeremiah Lee Todd appeals his sentence of 35 years in prison without benefit of parole, probation or suspension of sentence, which was rendered after he pled guilty to second degree rape. He also appeals the sentence on the basis of due process because it was rendered by a judge who did not hear his guilty plea but was later assigned the case by the Louisiana Supreme Court. For the following reasons, we affirm.

## FACTS

Defendant was charged with first degree rape, a violation of La. R.S. 14:42(A)(4), in that on or about August 1, 2020, he performed oral sex upon his 11-year-old stepdaughter, O.M. The state offered Defendant a plea bargain agreement, by which he would plead guilty to second degree rape, a violation of La. R.S. 14:42.1, and would avoid a possible sentence of life in prison without parole. The penalty for violating La. R.S. 14:42.1 is imprisonment for not less than 5 years nor more than 40 years. According to the plea bargain agreement, a presentencing investigation ("PSI") would be conducted, and Defendant's sentence would be left to the trial court's discretion. Defendant accepted the plea bargain agreement.

The guilty plea was heard in Bossier Parish on February 7, 2022, before Judge Parker Self. The terms of the plea bargain agreement were conveyed to Defendant, including the length of possible sentence and that following the PSI, "the sentence would be up to the Court." Defendant stated that he understood. The state's attorney read the factual basis for the plea and stated as follows:

> On or about August 1, 2020, Jeremiah Lee Todd did at the
> address of 1001 Greenwood Circle in Haughton, Louisiana,
> that's the Parish of Bossier, State of Louisiana, did sneak into

his minor step-daughter's bedroom, minor step-daughter with the initials O.M., date of birth 05/20/09, did sneak into his minor step-daughter's bedroom in the middle of the night and performed oral sex upon her without her consent. And he did so contrary to the laws of the State of Louisiana.

The trial court determined Defendant voluntarily pled guilty and waived his rights and accepted the guilty plea. It ordered that a PSI be conducted, and a date for sentencing was set. Defendant was also informed of sex offender notification laws.

Prior to the date of the sentencing hearing, the Louisiana Supreme Court ordered that Judge Douglas Stinson (Division D) be allotted Judge Self's (Division F) cases because prior to his election as a judge of Division D, Judge Stinson was an assistant district attorney in that division. Therefore, cases in Division D had to be transferred to another division and Judge Stinson assumed cases from Division F.

Defendant filed a motion requesting that he be sentenced by Judge Self, who heard the guilty plea, but Judge Self denied the motion, reasoning that he could not pick and choose which cases he would continue to hear because it could give the appearance of favoritism. For that reason, Judge Stinson sentenced Defendant.

Judge Stinson had the benefit of the PSI report, the transcript of the guilty plea and all documents concerning the crime. He considered La. C. Cr. P. art. 894.1 and articulated his reasons for sentencing, including that Defendant, by accepting the plea bargain agreement, drastically reduced his exposure to incarceration from life in prison without parole to, at most, 40 years. He emphasized the young age of the victim; that Defendant was her stepfather, who had known her most of her life; and that Defendant was in a position of power. He noted that this was Defendant's first felony

conviction but stated that it was a very heinous crime. After considering these factors, he imposed a sentence of 35 years at hard labor without benefit of parole, probation or suspension of sentence.

Defendant filed a motion to reconsider sentence, which was denied. He now appeals his sentence, arguing it is unconstitutionally excessive, and that he was denied due process because the judge who sentenced him was not the judge who heard his guilty plea and to whose discretion he agreed to rely upon regarding the length of sentence.

## DISCUSSION

*Excessive Sentence*

Defendant argues that the trial court erred in imposing a near-maximum sentence that is unconstitutionally excessive because he is a remorseful 36-year-old first-felony offender who needs treatment, rather than 35 years in prison. He contends that maximum sentences are to be reserved for the most egregious and blameworthy of offenders, of which he is not. He asserts that his sentence should be vacated and remanded for imposition of a lesser constitutional sentence particularized to this offender and offense.

The state argues that the sentence imposed is not unconstitutionally excessive and falls within the parameters for sentences pursuant to the statute, which is up to 40 years in prison. It points out that Defendant potentially faced life in prison without parole had he been convicted of the crime initially charged, i.e., first degree rape of a child under the age of 13 years. It contends that Defendant has already received a significant reduction in exposure to incarceration by acceptance of the plea bargain

3

agreement. For these reasons, it argues the trial court did not err when sentencing him to 35 years without benefits.

When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Quiambao*, 36,587 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1103, *writ denied*, 03-0477 (La. 5/16/03), 843 So. 2d 1130.

Second, the appellate court must determine if the sentence is unconstitutionally excessive. A sentence is excessive and violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *Id.*

The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. The

trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *Id.* On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *Id.*

La. R.S. 14:42.1(B) provides that whoever commits the crime of second degree rape shall be imprisoned at hard labor, without benefit of probation, parole, or suspension of sentence, for not less than 5 nor more than 40 years.

In this case, Defendant pled guilty to the charge of second degree rape knowing that he was pleading guilty to a crime for which the punishment would not exceed 40 years. The crime with which he was originally charged, first degree rape, was punishable by life in prison without benefits. Defendant significantly decreased his exposure to incarceration by pleading guilty and agreeing to allow the trial court to determine sentence after the PSI report was rendered.

The sentencing judge reviewed the transcript of the guilty plea, considered the facts provided in the PSI report and specifically stated that the heinous nature of the crime warranted the sentence of 35 years without benefits. It was noted that Defendant was a first-felony offender but that the child victim was very young and was his own stepdaughter, whom he had known for a very long time. The sentence falls within the statutory guidelines for this crime, and the sentencing judge easily satisfied La. C. Cr. P. art. 894.1. Furthermore, the record of the guilty plea supports the sentence even without the trial court's well-expressed reasoning. This assignment of error is without merit.

*Due Process and the Reassignment of the Case*

Defendant argues that he was denied due process when the judge who handled his pretrial proceedings and accepted his guilty plea was not the judge who sentenced him. He claims that he was prejudiced when the trial judge, who was in the best position to particularize the sentence in this case, was not the sentencing judge. He also asserts that Judge Self told him that after he received the PSI report, he would share it with the attorneys and "then the sentence would be up to the court." He argues that Judge Self had no conflicts that would have precluded him from imposing a sentence in his case, but the judge declined to pick and choose the cases he would continue to adjudicate.

Defendant further argues it was fundamentally unfair for a judge who had not accepted his guilty plea to sentence him to 35 years. He contends that at the sentencing hearing, Judge Stinson considered the PSI report and letters submitted on his behalf and that of the victim, but there was no mention of review of the transcripts of the pretrial hearings or other proceedings handled by Judge Self. For these reasons, he asserts that his sentence should be vacated and the matter remanded for resentencing to impose a lesser, constitutional sentence.

The state argues that the sentence is not excessive and was properly imposed by a judge to whom the case had been assigned by the Louisiana Supreme Court. The sentence falls within the parameters set out in the statute for the crime to which he pled guilty and, in fact, was greatly reduced as a result of the plea bargain agreement.

The state further argues that well-established law provides that a change in judge prior to sentencing is not prohibited, and the law allows for

the reassignment of a case at any time for good cause. The state claims that Defendant has failed to show any evidence of prejudice that resulted from the random assignment of his case to Judge Stinson.

To meet due process requirements, capital and other felony cases must be allotted for trial to the various divisions of the court, or to judges assigned criminal court duty, on a random or rotating basis or under some other procedure adopted by the court which does not vest the district attorney with power to choose the judge to whom a particular case is assigned. *State v. Simpson*, 551 So. 2d 1303 (La. 1989). The random allotment of criminal cases is required to ensure that the accused is tried before an impartial judge. *State v. Sebastien*, 31,750 (La. App. 2 Cir. 3/31/99), 730 So. 2d 1040, *writ denied*, 99-1426 (La. 10/29/99), 748 So. 2d 1157; *State v. Beene*, 49,612 (La. App. 2 Cir. 4/15/15), 164 So. 3d 299, *writ denied*, 15-0944 (La. 4/4/16), 190 So. 3d 1200.

The supreme court has found that "a criminal defendant does not have a right to have his case heard by a particular judge." *State v. Cooper*, 10-2344 (La. 11/16/10), 50 So. 3d 115. The *Cooper* court recognized that the "one judge/one case arrangement" is not practical and stated as follows:

> We recognize the impracticality of such a requirement—judges get sick, take vacation, have conflicts within their own dockets, resign, or are elected to a different bench. All of these circumstances often result in a case being assigned to another judge for adjudication. The fact that more than one judge handles aspects of any one criminal case does not, in and of itself, prejudice the criminal defendant.

We find that Defendant was not prejudiced by the substitution of Judge Stinson for Judge Self, pursuant to the order of the Louisiana Supreme Court. The allotment of cases was not made on the basis of who

7

the defendant was or for any reason personal to the case.  Therefore, this assignment of error is without merit.

## CONCLUSION

For the reasons stated in this opinion, the conviction and sentence of Defendant Jeremiah Lee Todd are affirmed.

**AFFIRMED.**