# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

LANDON KYLE PALMATURE

NO. 2024 KW 0280

**APRIL 9, 2024**

---

In Re:    Landon Kyle Palmature, applying for supervisory writs, 16th Judicial District Court, Parish of St. Mary, No. 20-207349.

---

**BEFORE:    WELCH, WOLFE, AND STROMBERG, JJ.**

**WRIT DENIED.**

EW
TPS

**Welch, J.**, dissents and would grant the writ. In order to meet due process requirements, "capital and other felony cases must be allotted for trial ... on a random or rotating basis or under some other procedure adopted by the court *which does not vest the district attorney with power to choose the judge to whom a particular case is assigned.* See **State v. Simpson**, 551 So.2d 1303, 1304 (La. 1989) (*per curiam*) (Emphasis added). The district attorney has an unfettered right to call a case for trial. See La. Code Crim. P. art. 61. By not calling the case for trial, the District Attorney for the Sixteenth Judicial District can, in essence, deselect a judge before whom the case had been initially randomly allotted. Accordingly, I find the Sixteenth Judicial District Court's local rule, which provides that criminal sections will be rotated annually by three sections, violates relator's due process rights as the procedure is subject to manipulation by the district attorney. See **State v. Reed,** 95-0648 (La. 4/28/95), 653 So.2d 1176 (*per curiam*).

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT