551 So.2d 1303 (1989)
STATE of Louisiana
v.
William J. SIMPSON, Jr.
No. 89-KK-0821.
Supreme Court of Louisiana.
November 17, 1989.
*1304 Alfred F. Boustany, III, for defendant-applicant.
J. Nathan Stansbury, Dist. Atty., Michael Harson, Asst. Dist. Atty., for plaintiff-respondent.
Ellis Paul Adams, Jr., amicus curiae, for La. Dist. Attys. Assn.
Stewart M. Thomas, amicus curiae, for La. Crim. Defense Lawyers Ass'n.
G. Paul Marx, amicus curiae.

ON REHEARING
PER CURIAM.
The applications for rehearing by both the state and the defendant were granted and the order of June 16, 1989, 545 So.2d 1047, is now amended and clarified.
Defense counsel and the district attorney stipulated[1] that the state now chooses the judge to preside over criminal cases. (Tr. 160-161) Due process of law requires fundamental fairness, i.e., a fair trial in a fair tribunal. Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965); State v. Mejia, 250 La. 518, 197 So.2d 73 (1967). To meet due process requirements, capital and other felony cases must be allotted for trial to the various divisions of the court, or to judges assigned criminal court duty, on a random or rotating basis[2] or under some other procedure adopted by the court which does not vest the district attorney with power to choose the judge to whom a particular case is assigned.[3] This court is aware that the 15th Judicial District's scheduling problems are compounded by its size and diversity, but these factors cannot justify a system which is facially unfair.
The 15th Judicial District may adopt a system whereby preliminary matters are scheduled in a different division from the division to which the trial of the case is allotted, but the scheduling of preliminary matters must also be done on a random, rotating or similar basis.[4]
Under the court's inherent power, the trial judge of the division to which the case is assigned has ultimate control over the scheduling of criminal cases for trial,[5] *1305 although the district attorney has the primary responsibility to move to set criminal cases for trial.[6] The 15th Judicial District judges must allot sufficient time to criminal matters to avoid delay and creation of a backlog of cases.[7] Because speedy trial is a constitutional right, prosecutors and judges must avoid institutional delays. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See Hadley v. State, 66 Wis.2d 350, 225 N.W.2d 461, 78 ALR 3d 273 (1975).
Since adequate notice is a fundamental element of due process, State v. Davalie, 313 So.2d 587 (La.1975), the criminal docket for a particular day must indicate the order in which cases are to be called for trial. State v. Ray, 474 So.2d 954 (La.1985). An element of due process is the opportunity to defend a criminal prosecution in an orderly proceeding. See De Maio v. Reid, 132 N.J.L. 17, 37 A.2d 829 (1944). Rule 10, Section D, of the 15th Judicial District Court Rules, which permits the district attorney to call criminal cases for trial "in any order preferred by him," cannot be interpreted to grant that authority on the day of trial.
... a party cannot, under any circumstances, legitimately be compelled to go to trial in any case, whether civil or criminal, until said case is properly reached on the docket, in the due course of the business of the court. All litigants have a right to their day in court, and have a right to know, at least relatively, when that day will come, that he may prepare for his defense, or otherwise, as the case may be. Thomas v. The State, 36 Tex. 315, 317 (1871).
As to the Simpson case, which counsel informed the court is not yet assigned, it is to be assigned in accordance with this order which is prospective only.
Remanded to trial court for further proceedings.
NOTES
[1] The state disputes the meaning of the stipulation, but its clear wording is that under the present system the judges are chosen by the district attorney's office. There is no suggestion of impropriety; merely a claim by the defendant in this capital case that the state is not entitled to choose the judge.
[2] A study of trial court rules in Louisiana indicates that eighteen districts have rules requiring random allotment.
[3] Certain cases have been cited by amicus, Louisiana District Attorneys Association, which generally hold that the courts may utilize different methods of assigning criminal cases to judges. See Cruz v. Abbate, 812 F.2d 571 (9th Cir.1987); and United States v. Claiborne, 870 F.2d 1463 (9th Cir.1989). However, they do not stand for the proposition that the prosecutor may assign cases to the judge of his choice. Insofar as State v. Trahan, 543 So.2d 984 (La.App.3 Cir. 1989), also cited, conflicts with this order, it is overruled.
[4] The 15th Judicial District may adopt a plan assigning criminal cases to certain divisions and civil cases to other divisions, if desired, but again assignment of capital and other felony cases must be on a random basis among the criminal divisions.
[5] LSA-C.Cr.P. art. 17 provides:

A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.
[6] Of course, random allotment does not prevent the court from appointing another judge to try a case when the judge to whom a case falls is ill or incapacitated. See State v. McClain, 194 La. 605, 194 So. 563 (1940). Also see Commonwealth v. Thompson, 328 Pa. 27, 195 A. 115, 114 ALR 432 (1937) and State v. Johnson, 55 Wash.2d 594, 349 P.2d 227 (1960).
[7] The Judicial Administrator's office is ready to render any necessary consultation or service to the district attorney or the court.