556 So.2d 47 (1990)
STATE of Louisiana
v.
Roger PAYNE.
No. 89-KK-2759.
Supreme Court of Louisiana.
January 12, 1990.
Granted. As this Court explicitly held on rehearing in State v. Simpson, 551 So.2d 1303 (November 17, 1989), to meet due process requirements, capital or other felony cases must be allotted for trial on a random or rotating basis, or under another procedure whereby the district attorney does not have the power to choose a judge for a particular case. Although the court *48 below modified the rules of the 21st JDC, the district attorney may still have the power to select judges by making unchecked motions for certain trial dates. Therefore, even the modified rules are not in compliance with Simpson. As a result, this court remands the matter to the 21st JDC for it to adopt procedures in line with Simpson, and for the setting of a new trial date for relator. Additionally, the finding that article 61 of the Code of Criminal Procedure is unconstitutional in its application in the 21st JDC is reversed. The rules adopted by the 21st JDC violate due process, however article 61 does not allow district attorneys to choose judges, it merely allows them to control criminal proceedings generally.