JiPER CURIAM.
The ruling of the court of appeal is reversed and the judgment of the district court is reinstated. State v. Simpson, 551 So.2d 1303, 1304 (La.1989), holds that “capital and other felony cases must be allotted for trial to the various divisions of the court, or to judges assigned criminal court duty, on a random or rotating basis or under some other procedure adopted by the court which does not vest the district attorney with power to choose the judge to whom a particular case is assigned (emphasis supplied).” Under the present system of allotting criminal felony trials in the 18th Judicial District, the initial assignment of a particular felony case is determined by two factors: (1) where the crime was committed (i.e., in which of the three parishes within the district); and (2) the results of a random assignment of three of the four judges in the district to an individual parish as determined each December for the following year. 18th Judicial District, R. 11(B)(2). The district attorney therefore has no control over the initial assignment of each felony case. Together with the requirement of random selection of the judges, the speedy trial provisions of La.C.Cr.P. art. 701, the general time limits imposed by La.C.Cr.P. art. 578 on trial after institution of the prosecution, and the specific prohibition in 18th Judicial District Court R. 11(B)(3), that no felony trial may be scheduled during January and February except on the joint motion of the state and defense, adequately minimize the risk of docket manipulation by either side.
KIMBALL, J., not on panel; recused.