JjPER CURIAM.
Granted. The order of the court of appeal is vacated and this case is remanded to the division of court in the 15th Judicial District to which it has been allotted.
In State v. Simpson, 551 So.2d 1303, 1304 (La.1989), this Court held that “[t]o meet due process requirements, capital *979 and other felony cases must be- allotted for trial to the various divisions of the court, or to judges assigned criminal court duty, on a random or rotating basis or under some other procedure adopted by the court which does not vest the district attorney with power to choose the judge to whom a particular case is assigned.” (footnotes omitted). Simpson addressed an allotment procedure in which, according to the stipulation of the parties, “the judges [were] chosen by the district attorney’s office.” Id., 551 So.2d at 1304, n. 1. In State v. Rideau, 01-3146 (La.11/29/01), 802 So.2d 1280, we subsequently made clear that a procedure for randomly allotting capital cases on a rotating basis until all divisions of the court had .been assigned a capital case did not satisfy Simpson because the District Attorney still retained a direct role, albeit a diminished one, in the allotment procedure. We specifically noted that “[b]eeause the District Attorney has the ability, by process of | ^elimination, to know the final judge in the pool to be assigned the next number capital case, and because the district attorney has the right to assign the ease number in capital , cases when indictments are handed down, in this case the system currently in use in the Fourteenth Judicial District Court violates [Simpson ].” Rideau, 01-3146 at p. 1, 802 So.2d at 1280 (emphasis added).
At the hearing conducted on respondent’s motion to reallot his case, Irene Holbert, who has served as the criminal docket clerk for the Lafayette Parish Clerk of Court’s office for the past 22 years, testified that while it was possible for the personnel of the district attorney’s office to “sit down and figure out what cases were allotted to who[m],” no one from that office-had ever come to her to inquire which judges remained in the allotment pool. Holbert further testified that in 1999, the year respondent was indicted, one capital case had been previously allotted, leaving 10 judges in the remaining pool of judges assigned criminal matters in the 15th Judicial District.[1] Respondent’s case was then assigned by random allotment by computer to Division F. These circumstances excluded any reasonable possibility that the district attorney’s office was directly involved in the allotment of respondent’s case.
Accordingly, because the district attorney’s office had no direct role in the allotment procedure in violation of Simpson and Rideau, and because respondent has shown no actual prejudice to his due process rights, we find no basis for ordering reallotment of the present case. The ruling of the trial court is therefore affirmed.

. We note that Holbert also testified that in December of 2001, the allotment procedure for capital cases in the 15th Judicial District changed, apparently in response to our decision in Rideau, and now calls for strict random allotment of each capital case among all of the divisions assigned criminal matters.