LANDRIEU, J.,
concurs with reasons.
hi agree with the majority that the allotment process in the instant case violated the defendant’s right to due process. I write separately to note that the Louisiana Supreme Court jurisprudence distinguishes between a defendant who challenges the allotment process prior to trial and one who challenges the allotment of his case on appeal, post-conviction. A defendant challenging a process of random allotment prior to trial need not prove actual prejudice but need only establish that the prosecuting authority has the ability to influence the allotment process. See, e.g.; State v. Reed, 95-0648 (La.4/28/95), 653 So.2d 1176 (per curiam); State v. Payne, 556 So.2d 47 (La.1990); *121 State v. Simpson, 551 So.2d 1303 (La.1989) (per curiam). See also, State v. Huls, 95-0541 (La.App. 1 Cir. 5/29/96), 676 So.2d 160.
I further agree with the concurring opinion of Judge Tobias that the proper procedural vehicle by which to challenge the allotment of a criminal case is not a motion to quash.