JAMES F. McKAY III, Chief Judge.
|, The defendant, Tyrone Brown, seeks supervisory review of the trial court’s January 5, 2015 judgment, denying his motion to quash the indictment for improper allotment. For the reasons set forth below, we rescind the stay order previously rendered herein. We deny the writ in part, grant the writ in part, and remand the matter to the Orleans Parish Criminal District Court for further proceedings consistent with the views expressed herein.
*97 STATEMENT OF FACTS AND PROCEDURAL HISTORY
According to the arrest warrant in this matter, on September 19, 2014, the police received a call informing them that a ten-year old girl, R.G., disclosed that her mother’s boyfriend, the defendant, touched • and penetrated her vaginally on at least two occasions. After being advised of his constitutional rights, the defendant admitted to the abuse, stating that the incidents began approximately two years prior when R.G. was eight years old. R.G. turned eight on August 9, 2012.
On November 19, 2014, the Orleans Parish Grand Jury charged the defendant by bill of indictment with six counts based on offenses that allegedly occurred between August 1, 2012, and September 19, 2014: two counts of aggravated rape; two counts of indecent behavior with a juvenile under the age of 12seventeen with greater than two years difference between the age of the juvenile and that of the defendant; and two counts of sexual battery. On November 20, 2014, the defendant appeared for arraignment and entered a plea of not guilty to the charged offenses.
Based on the August 1, 2012 date (the date set forth in the indictment as the beginning date of the alleged criminal acts), the case was allotted to Section “F”. In the Orleans Parish Criminal District Court, cases are allotted to certain sections based on the date of the alleged offense. Pursuant' to the court’s allotment calendar, felony cases' where the charged offense occurred on August 1, 2012, were allotted to Section “F”.
On January 5, 2015, the defendant filed a motion to quash the indictment for improper allotment, arguing that the State arbitrarily selected the August 1, 2012 date. The defendant claimed that there was no basis in fact for the State’s selection of August 1, 2012, for two reasons: (i) R.G. was not yet eight years old on August 1, 2012; and (ii) August 1, 2012 was well over two years prior to the defendant’s September 19, 2014 conversation with law enforcement.
Following oral argument, the trial court, on January 5, 2015, denied the motion to quash the indictment, finding that the defendant failed to show that the case was improperly allotted. The trial court also denied the defendant’s request to stay the proceedings.
On February 4, 2015, the defendant filed a writ application with this Court, arguing that the trial court erred in denying his motion to quash the indictment and erred in denying the motion without first holding an evidentiary hearing. The defendant also requested that this Court issue a stay order, which we granted on [sApril 22, 2015. On May 4, 2015, this Court ordered that this case be presented for oral argument to. the Court En Banc on May 26, 2015.
STANDARD OF REVIEW
Rulings on motions to quash that do not require factual determinations and present only questions of law, as in the case sub judice, are reviewed de novo. See State v. Hall, 2013-0453, p. 11 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39. Trial court rulings on motions to quash which involve determinations of mixed questions of law and fact are reviewed under an abuse-of-discretion standard. See State v. Brown, 2014-0680, p. 1 (La.App. 4 Cir. 2/4/15), 161 So.3d 99, 100. Here, the trial court’s ruling on the motion to quash was based on a legal finding and is, therefore, subject to this Court’s de novo review.
LAW AND ANALYSIS
In this writ application, the defendant raises two issues for our review. First, *98 the defendant asserts that the trial court erred in failing to hold an evidentiary hearing on his motion to quash the indictment for improper allotment. Second, the defendant asserts that the trial court erred as a matter of law in denying his motion to quash the indictment because of improper allotment.

1. Evidentiary hearing

We find no merit in the defendant’s first claim that the trial court erred in failing to hold an evidentiary hearing on the motion to quash the indictment. A review of the record, including the transcript of the January 5, 2015 hearing, reveals that an evi-dentiary hearing was held. The trial judge specifically stated on the record that she considered the January 5, 2015 hearing to be the evidentiary hearing requested by the defendant. No objection was lodged, and oral argument ¡¿was presented. Thus, we find that the defendant was afforded an evidentiary hearing on the issue of improper allotment.

2. Improper allotment

The defendant asserts that the date range set forth in the indictment is unsupported by the State’s own evidence. Specifically, in a recorded statement given on September 19, 2014, the defendant stated that the incident happened two years prior when the victim was eight years old. However, the defendant points out that the victim was still seven years old on the date the State selected, August 1, 2012; she did not turn eight until August 9, 2012. Further, the defendant submits that the August 1, 2012 date does not comport with the defendant’s September 19, 2014 statement that the incident happened two years prior. In sum, the defendant argues that because the allotment of his case to Section “F” was determined by the State’s arbitrary selection of August 1, 2012, as the date of the offense, his case was not allotted on a random basis as required by law.
The defendant relies on State v. Simpson, 551 So.2d 1303, 1304 (La.1989), wherein the Supreme Court held that criminal cases must be allotted for trial “on a random or rotating basis or under some other procedure adopted by the court which does not vest the district attorney with power to choose the judge to whom a particular case is assigned.” The defendant also relies on the Supreme Court’s holding in State v. Cooper, 2010-2344, p. 10 (La.11/16/10), 50 So.3d 115, 124, that “a rotation or allotment system is not acceptable if the event that triggers application of the system is dependent upon an action taken by the district attorney.” While the defendant does not allege deliberate manipulation by the State in this case, he argues that the system in place nevertheless invites manipulation. The defendant notes that, pursuant to State v. Reed, 95-0648 (La.28/95), 653 So.2d 1176, the accused is entitled to enforcement of the court rule requiring random allotment without proving actual manipulation in his particular case.
In opposition to the defendant’s motion to quash the indictment for improper allotment, the State argues that the current allotment system in the Orleans Parish Criminal District Court does not allow the district attorney’s office to choose the judge. The State asserts that the event which triggers allotment is the occurrence of the alleged offense, not an action taken by the district attorney’s office. The State maintains that no court in this state has ever found that allotment based on the date of the alleged offense violates due process.
Finally, the State argues that the August 1, 2012 date was not selected arbitrarily. The State submits that the evi *99 dence indicated that the defendant began sexually abusing R.G. when she was eight years old, and because the victim turned eight in August 2012, August 1, 2012, was chosen as the beginning of the range of dates on which the offenses occurred.
Initially, it must be noted that the defendant’s challenge of the allotment procedure is not a ground for quashing his indictment.[1] It is true that his claim is based on his allegation that the date alleged in the indictment was chosen in order to steer the case to a particular judge. However, the State argued in the lower court that the date of an offense need not be alleged in a bill of information or the | ¿indictment unless it is essential to the crime, and thus the date that the State alleged the crime occurred, even if not correct, is not a basis to quash the indictment. Indeed, La. C.Cr.P. art. 468 provides in pertinent part that “[i]f the date or time is not essential to the offense,' an indictment shall not be held insufficient if it does not state the proper date.... ”
The defendant is charged with two counts of aggravated rape of a child under the age of thirteen, two counts of indecent behavior with a juvenile under the age of seventeen with greater than two years difference between the age of the victim and the age of the defendant, and two counts of sexual battery. Whether the victim was seven or eight years old at the time the offense occurred has no impact on any of the charges. Thus, for the purposes of the motion to quash the indictment, the alleged “false” date of August 1, 2012, is not a basis to quash the indictment against the defendant, and the trial court properly denied the motion to quash the indictment. Accordingly, as to the motion to quash the indictment, we deny the writ in part.[2]
The real issue before this Court is whether the allotment procedure used in this case violates the defendant’s due process rights because the district attorney has the ability to determine to which judge a case Is allotted by choosing the date on which the crime allegedly occurred. Normally, the date of an offense is a fixed date that is easily determined, and an allotment system using the fixed date is generally not subject to manipulation by the district attorney. In this case, however, the offenses spanned a period of time, and the dates of the offenses cannot be narrowed to a certain day. The defendant essentially argues that because [7the date of the earliest offense charged in his indictment determines to what judge the case is allotted, the district attorney has the ability to charge in a manner that can potentially influence the allotment. Thus, the defendant submits that the allotment procedure thereby violates the holdings of a long line of jurisprudence that has struck down allotment procedures. We agree.
Louisiana District Court Uniform Rule 14.0 provides in pertinent part:
The clerk of court shall randomly allot all criminal cases, unless an exception is established by law or these Rules. The method of random allotment established *100 by each district court, or by each parish within a district, where applicable, is described in Appendix 14.0A ....
Appendix 14.0A, with respect' to the Orleans Parish Criminal District Court, provides in pertinent part:
1. The Clerk will assign daily, randomly, and by allotment among the Sections having felony jurisdiction all felony indictments, bills of information charging felony offenses and ap- ■ peals from Municipal Court and Traffic Courts and other pleadings Shall be allotted among Sections A through L and the Magistrate Section. This allotment shall be' conducted by the Clerk and shall be open to the public. The District Attorney shall be notified of the allotment. A computer generated random allotment system be and is hereby, implemented by the Clerk’s Office for all cases filed with the Clerk of the Orleans Parish Criminal District Court....
Cases interpreting allotment procedures have uniformly held that a defendant has a due process right to a fair trial and a fair tribunal. In Simpson, the Supreme Court stated: “[t]o meet due process requirements, capital and other felony cases must be allotted for trial to the various divisions of the court, or to judges assigned criminal court duty, on a random or rotating basis [footnote omitted] or under some other procedure adopted by the court which does not vest |sthe district attorney with power to choose the judge to whom a particular case is assigned.” Simpson, 551 So.2d at 1304. In Simpson, the Court struck down the allotment procedures of the 15th Judicial District Court (“JD’C”) because the district attorney chose the judge to whom the case was to be allotted. In State v. Payne, 556 So.2d 47 (La.1990), the Supreme Court found the allotment procedure of the 21st JDC violated the defendant’s due process rights because the district attorney had the power to choose the presiding judge by making motions for certain trial dates. Likewise, in Reed, the Supreme Court found the allotment procedure of the 19th JDC, which allotted cases to “the next judge up” and eliminated a judge once he or she was allotted a case, violated the court rule that required random allotment and “invited” manipulation by the district attorney. Id. 95-0648, at p. 1, 653 So.2d at 1176. The Court in Reed stated: “Relator is entitled to enforcement of the court rule without proving actual manipulation in his particular case.” Reed, 653 So.2d at 1176 (emphasis supplied). In State v. Rideau, 2001-3146 (La.11/29/01), 802 So.2d 1280, the Supreme Court, in a per curiam opinion, found that the procedures used by the 14th JDC violated the principles of Simpson because the district attorney had the ability by process of elimination to determine who would be the final judge in the pool to be allotted a capital case and had the power to assign a case number in capital cases when indictments were returned.
The defendant’s case in Cooper, involved an attack on a complicated allotment scheme used for three years to combine the allotment practices of the three parishes that comprise the 15th JDC. The scheme temporarily divided the judges of each parish into “tracks” and then allotted cases to the judges within those tracks by the date of filing in one parish and by the date of the offense,in the other two parishes. The Court evaluated the temporary allotment procedures of the |g15th JDC, finding that 'they violated neither District Court Uniform Rule 14.0 nor the defendant’s constitutional due process or equal protection rights.
*101 With respect to the challenge of the district court’s rule, the Court in Cooper acknowledged the holding in Simpson that the proper allotment of a case implicates due process concerns where the district attorney’s action could determine to which judge a case is allotted. However, the Court found that the allotment scheme did not violate Rule 14.0 because in two parishes the cases were allotted based upon the date of the offense, and in the third parish, where allotment was based upon the date of the filing of the bill of information or indictment, the case was still randomly allotted by computer on that date.[3] The Court stated: Our inquiry here is not to determine whether the district judges selected the ‘best’ or ‘easiest’ method of allotting criminal cases. Our focus here is only on whether the 2010 Plan which was adopted violates the law. Cooper, 2010-2344 at p. 13, 50 So.3d at 126.
In State v. Broussard, 2003-1340 (La.6/26/03), 852 So.2d 978, the Supreme Court upheld the amended allotment procedure employed by the 15th JDC, finding that because only one judge had been allotted a capital case before the defendant’s case was allotted, his allotment, made by a computer selecting from the remaining ten judges,, remained random and complied with Simpson and Rideau. The Brous-sard Court determined that because the district attorney had no direct role in the allotment procedure and because respondent has shown no actual prejudice to | inhis due process rights, we find no basis for ordering reallotment of the present case. Broussard, 2003-1340, at p. 1, 852 So.2d at 979. From the Court’s ruling in Broussard, it appears that the prejudice requirement applies only where there is no allegation that the district attorney could manipulate the allotment.
• Here, in contrast to Broussard, the defendant maintains that the district attorney could manipulate the allotment by choosing a date from a range of dates in which the offenses allegedly occurred, thus, the allotment system is flawed. We find merit in this assertion. After our de novo review of the record, we find that the Orleans Parish Criminal District Court allotment system violates the principles of due process set forth in Simpson because under the circumstances presented in the defendant’s case, the district attorney had the ability to choose the date of the offense, which dictates the section of court to which the case is allotted. Accordingly, the defendant is entitled to re-allotment of his case.
CONCLUSION
For the foregoing reasons, we rescind the stay order previously rendered herein. We deny the writ in part, affirming the trial court’s denial of the defendant’s motion to quash the' indictment. We grant the writ in part, finding that the allotment procedure employed in this case violates the defendant’s due process rights because the system invites manipulation by the district attorney’s office. As such, we remand the matter to the ’ Orleans Parish Criminal District Court for the adoption of allotment procedures that comport with the jurisprudence discussed above, and for the re-allotment of the defendant’s case in accordance with such proper allotment procedures.
STAY ORDER RESCINDED; WRIT DENIED IN PART, GRANTED IN PART, AND REMANDED.
*102 BONIN, J., dissents and assigns reasons.
LANDRIEU, J., concurs with reasons.
LOB RANO, J., dissents in part, concurs in part, and assigns reasons.

. In the cases addressing the issue of random allotment, the defendants did not raise the issue via motions to quash the charges against them. Instead, the defendants filed motions for proper allotment or re-allotment (State v. Broussard, 2003-1340 (La.6/26/03), 852 So.2d 978; State v. Rideau, 2001-3146 (La. 11/29/01), 802 So.2d 1280; Reed, supra; Simpson, supra; or a motion to recuse and for random allotment; Cooper, supra). In the present case, the defendant challenged the allotment in a motion to quash the indictment.

. We note that an allegation of a flawed indictment is not concomitant with an allegation of a flawed allotment process, and therefore must necessarily be addressed as an independent issue.

. The Court also noted that the only potential problem with the allotment scheme was a provision that the district attorney had the discretion to send a new case to the same track where a defendant had pending cases, but the Court also found that scheme’s provision that new cases must be allotted to the same division as the defendant’s pending cases trumped the discretion of the district attorney and therefore did not violate Rule 14.0.