BONIN, J.,
dissents and assigns reasons.
hi respectfully dissent.
The discrete legal issue presented for our review is whether the defendant must show actual prejudice to his due process rights when, as here, he virtually stipulates at the contradictory hearing[1] that the district attorney did not engage in misconduct nor attempt to manipulate the allotment system.[2] In my view, under these circumstances as a matter of law, Mr. Brown is not entitled to any relief, including the reallotment of his case because he has not shown any actual prejudice.
The holding in State v. Simpson is not applicable to these circumstances because there the parties stipulated that the judges were “chosen by the district attorney’s office.” 551 So.2d 1303, 1304, n. 1 (La.1989) (on rehearing) (per curiam). Here, the judges apparently[3] adopted a suffi-eiently random[4] allotment |¡..system based upon a date-of-offense determination, not unlike that employed in Lafayette and Vermilion Parishes. See State v. Cooper; 10-2344, p. 10 (La.11/16/10), 50 So.3d 115, 124. Thus, in the run-of-the-mill cases there is virtually no appreciable threat that the district attorney is “judge-shopping.” [5] See State v. Neisler, 633 So.2d 1224, 1233 (La.1994) (holding, inter alia, that “rules should be adopted by the Orleans Parish Criminal District Court to implement an orderly system of allotment of bail matters so as to prevent the appearance of favoritism or judge-shopping by either the state or the defendant”).
In the absence of a motion to recuse the trial judge under La.C.Cr.P. art. 673, we operate on the premise that this trial judge will “hold the balance nice, clear and true between the State and the accused,” Tumey v. Ohio, 273 U.S. 510, 532, 47 S.Ct. 437, 71 L.Ed. 749 (1927), and that Mr. Brown will receive a fair trial before a fair tribunal. In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955). Because Mr. • Brown virtually stipulated that the district attorney did not select the trial judge and did not attempt to manipulate the random allotment by artificially *103 selecting a specific date to obtain a particular trial judge, he has failed to carry the burden of showing “actual prejudice to his due process rights.” State v. Broussard, 03-1340, p. 2 (La.6/26/03), 852 So.2d 978, 979 (per curiam) (deciding, “because the district attorney’s office had no direct role in the allotment procedure in violation of Simpson and Rideau, and because respondent has shown no' actual prejudice to his due process rights, we find no basis for ordering reallotment of the present case”).
Accordingly, I would deny any relief to Mr. Brown.[6]

. I do not agree with the majority’s characterization of the hearing as an “evidentiary hearing,” but, because Mr. Brown failed to proffer any evidence at the hearing, I agree with the result as he is not entitled to a remand for an evidentiary hearing. See La. C.E. art. 103 A(2); see also, e.g., State v. Magee, 11-0574, pp. 61-61 (La.9/28/12), 103 So.3d 285, 326-27; State v. Green, 10-0791, p. 23 (La.App. 4 Cir. 9/28/11), 84 So.3d 573, 588.

. At the contradictory hearing, Mr. Brown’s lawyer stated, “You know, Your Honor, as you may have seen in our motion, we don’t allege that the state has alleged (sic) in misconduct here or attempted to manipulate the system in Mr. Brown’s case....”

. The published local rule 14.0A does not conflict with Louisiana District Court Uniform Rule 14.0, but it hardly describes the actual procedure employed by the Judicial Administrator and the Clerk of the Criminal District Court.

. The Louisiana Supreme Court has "never required an allotment system which was purely random.” State v. Cooper, 10-2344, p. 13 (La. 11/16/10), 50 So.3d 115, 126 (emphasis added).

. The judges en banc of the Criminal District Court report in their Per Curiam that this is the first case out of more than 20,231 cases allotted since the current allotment system was implemented in 2011 that challenged the randomness of the allotment.

. Because we are not called upon to express our view whether this method of allotment is the "best” or "easiest” method available for allotting cases at Criminal District Court, see Cooper, 10-2344, p. 13, 30 So.3d at 126, the denial of relief does not constitute endorsement of this allotment system.